# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PATINA LAWSON,

    **Plaintiff-Counterclaim Defendant,**

v.                                                                                        **Case No. 12-C-1190**

J.C. PENNEY COMPANY, INC.,

    **Defendant-Counterclaimant.**

## DECISION AND ORDER

        Defendant J.C. Penney Company, Inc. ("J.C. Penney") filed an expedited non-dispositive motion to stay discovery in this action brought by pro se Plaintiff Patina Lawson ("Lawson"). The time for Lawson to respond to the motion has passed and nothing has been filed.

        J.C. Penney's motion cites Federal Rule of Civil Procedure 26(c) and Civil Local Rule 7.4. Civil Local Rule 7.4, which sets forth the procedure for filing expedited non-dispositive motions, was amended as of February 1, 2010, to be Civil Local Rule 7(h). The motion will be considered as being filed under the current local rule.

        In substance, the motion is based on J.C. Penney's filing of a motion for summary judgment, which it believes may dispose of this action in its entirety. Rule 26(c)(1) of the Federal Rules of Civil Procedure provides in relevant part, that:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. **The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.** The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> . . .
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(Emphasis added.)

Although J.C. Penney's motion for a stay of discovery invokes Rule 26(c), it is not accompanied by a certification that it has conferred or attempted to confer with Lawson in an attempt to resolve their discovery dispute. Such a certificate is explicitly required by Rule 26(c). *See also* Civil L.R. 37 (E.D.Wis.). Motions that fail to meet the requirements of Civil L.R. 37 may be summarily dismissed, although they may be refiled if a party shows compliance with the rules or satisfactorily explains the previous failure to comply. *See United States v. Molinaro,* 683 F.Supp. 205, 209 (E.D.Wis. 1988) (addressing Local Rule 6.02 (E.D.Wis.); an earlier version of Civil L.R. 37). Since the motion is not accompanied by the required certification, the Court would be well within its discretion to deny the motion.

2

However, the posture of the case suggests that the denial of the motion would be an exercise in formalism. The Court will address the motion for a stay, but cautions the parties that strict adherence to the rules will be expected, in the future.

In accordance with Federal Rule of Civil Procedure 26(c), this Court has the discretion to limit discovery in order to prevent "undue burden or expense." Based on the waiver document that is the basis for its summary judgment motion, J.C. Penney has established good cause for staying discovery until that motion is resolved.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

J.C. Penney's expedited non-dispositive motion for a stay of discovery (ECF No. 24) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 8th day of May, 2013.

**BY THE COURT**

*/s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**